## Scott versus Sadler.

A mortgagor having paid the mortgage, afterwards procured another party to purchase it at a discount, and gave a certificate that the whole mortgage-debt was due ; the purchaser then paid the purchase-money, and took an assignment from the former owner. Held, that the mortgagor was estopped from showing that the mortgage had been paid, or setting up the defence of usury on the ground that the purchase was a new contract.

ERROR to the District Court of Philadelphia.

[Scott *v.* Sadler.]

This was a *scire facias sur mortgage* by William Sadler, assignee of The Second Reformed Dutch Church of Philadelphia, who was assignee of Robert S. Clark and Lewis P. Gebhard, against Freeman Scott. The mortgage was dated May 1st 1841, to Clark and Gebhard; by them assigned, April 8th 1853, to the church.

Scott, October 16th 1857, gave the following certificate:—

" I do hereby certify that I have no claim, demand, or set-off whatsoever against a certain mortgage, debt, or principal sum of $3200, secured by an indenture of mortgage given and executed by me to Robert S. Clark and Lewis P. Gebhard, trustees, &c., dated the 1st day of May, A. D. 1841, and recorded in mortgage book G. S., No. 12, page 467, &c., and by them assigned to " The Second Dutch Reformed Church of Philadelphia," by an assignment endorsed thereon dated the 8th day of April A. D. 1853, and recorded in mortgage book T. H., No. 27, page 502, &c., and now about being assigned to William Sadler; but that the whole of said mortgage-debt is just, due, and owing by me, with interest thereon, from this day."

And on the same day the mortgage was assigned by the church to Sadler.

After the plaintiff had proved the foregoing facts and rested, the defendant offered to prove that the mortgage sued on had been fully paid off to the Second Reformed Dutch Church by the defendant, Freeman Scott; that the said mortgage was afterwards assigned to the plaintiff by the church at the request of the defendant—of all of which the plaintiff had notice.

The court admitted the receipts given by the church for the payment of the mortgage, but rejected evidence as to the other part of the offer.

In rebuttal, Spiegle, a witness for plaintiff, testified, that having seen an old mortgage for $3200 advertised for sale at a discount, he as agent of Sadler negotiated with Belcher for this mortgage, and got it for $2900; that neither he nor Sadler knew that Belcher was Scott's agent, but supposed that he was purchasing from the church; that Belcher brought the officers of the church to the alderman's office, and he, Spiegle, was told by them to pay the money to Belcher.

The court below (Stroud, J.) charged that the certificate that there was no set-off, was an estoppel to the defendant's evidence.

The jury found for the plaintiff $3600.

The rejection of the defendant's offer of evidence, and the judge's instruction to the jury, as above stated, were assigned for error.

*J. S. Powell,* for plaintiff in error.—The assignment of the

[Scott v. Sadler.]

mortgage, under the circumstances in this case, was a new contract with Sadler which was usurious, and the mortgagor is not bound to pay more than he received for it.

A mortgage once extinguished cannot be kept alive : Kinley v. Hill, 4 W. & S. 426 ; Anderson v. Neff, 11 S. & R. 223 ; Cameron v. Irwin, 5 Hill 276.

The mortgagor may give in defence evidence of circumstances between the parties previous to giving the mortgage ; that the mortgage was for more money than was paid, or was on an usurious contract: Robinson v. Eldridge, 10 S. & R. 140 ; Mackey v. Bromfield, 13 Id. 241 ; Martin v. Ives, 17 Id. 364 ; Turner v. Calvert, 12 Id. 46 ; Building Association v. McKnight, 11 Casey 470.

The certificate of set-off was but a link in Sadler's title to the mortgage, and bound Scott for no more than was actually paid for it.

*J. A. Spencer*, for defendant in error.—Estoppel is the only question here. Scott having asserted that the whole mortgage-debt was due, he cannot deny this after having received the money for the mortgage: McMullen v. Wenner, 16 S. & R. 18 ; Weaver v. Lynch, 1 Casey 449 ; Edgar v. Kline, 6 Barr 327.

The opinion of the court was delivered, March 26th 1866, by

Read, J.—Freeman Scott executed a bond and mortgage for $3200 to Robert S. Clark and Lewis P. Gebhard, who assigned the same to The Second Reformed Dutch Church of Philadelphia, who assigned the same to Sadler, the plaintiff. This last assignment was made on the 16th October 1857, a period of great financial embarrassment, and the sum paid on its purchase was $2900, it having been advertised for sale as an old mortgage at a discount. The mortgagor in order to make it bring the highest price in the market executed the following paper under seal, which was given to the assignee prior to the payment of the money.

" I do hereby certify that I have no claim, demand or set-off whatsoever against a certain mortgage-debt or principal sum of $3200, secured by an indenture of mortgage given and executed by me to Robert S. Clark and Lewis P. Gebhard, trustees, &c., dated the 1st day of May, A. D. 1841, and recorded in mortgage book G. S., No. 12, page 467, &c., and by them assigned to The Second Dutch Reformed Church of Philadelphia, by an assignment endorsed thereon dated the 8th day of April, A. D. 1853, and recorded in mortgage book T. H., No. 27, page 502, &c., and now about being assigned to William Sadler ; but that the whole of said mortgage-debt is just, due, and owing by me, with interest thereon from this day.

214 SUPREME COURT [*Philadelphia*

[Scott *v.* Sadler.]

" Witness my hand and seal this sixteenth day of October, A. D. one thousand eight hundred and fifty-seven.

" And it is signed and sealed by

" FREEMAN SCOTT."

" Witness present }
M. SPIEGLE." }

The defence set up was, that this mortgage had been paid previously by Scott to the prior assignee, the church, and that, therefore, it was to be considered as a new mortgage, and that the discount was usurious, and that therefore he should only be charged with the amount actually paid by Sadler for it. The learned judge properly charged the jury that he was estopped by his written certificate from setting up a defence so destructive of all good faith. The cases of McMullin *v.* Wenner, 16 S. & R. 18, Edgar *v.* Kline, 6 Barr 327, and Weaver *v.* Lynch, 1 Casey 449, settle this question morally and legally.

Judgment affirmed.